Mark A. Romeo (State Bar No. 173007)
  mromeo@crowell.com
Kendra D. Miller (State Bar No. 204395)
  kmiller@crowell.com
Christina K. Dallen (State Bar No. 247505)
  cdallen@crowell.com
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, California  92614-8505
Telephone:   (949) 263-8400
Facsimile:    (949) 263-8414

Thomas P. Gies (Admitted *Pro Hac Vice*)
  tgies@crowell.com
Andrew W. Bagley (Admitted *Pro Hac Vice*)
  abagley@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone:   (202) 624-2500
Facsimile:    (202) 628-5116

Attorneys for Defendants
AT&T Mobility, LLC (formerly known as Cingular Wireless, LLC)
and Cingular Wireless Employee Services, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER PAUL AGUIAR, individually and on behalf of other members of the general public similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>CINGULAR WIRELESS, LLC, a Delaware corporation, CINGULAR WIRELESS EMPLOYEE SERVICES, LLC, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>          Defendants. | CASE NO. CV 06-8197 DDP (AJWx)<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL AND/OR PROPRIETARY BUSINESS INFORMATION, INCLUDING PERSONAL CONTACT INFORMATION OF PUTATIVE CLASS MEMBERS** |

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff Peter Paul Aguiar ("Plaintiff"), individually and on behalf of other members of the general public similarly situated, and Defendants AT&T Mobility, LLC (formerly known as Cingular Wireless, LLC) and Cingular Wireless Employee Services, LLC ("Defendants"), by and through their respective counsel of record, as follows:

## RECITALS

Defendants have in their possession certain confidential information and documents which may be reasonably calculated to lead to the discovery of admissible evidence in the above-captioned action. Production of such confidential information and/or documents might result in harm to Defendants because said information and documents may constitute privileged and confidential proprietary business information and/or may infringe upon certain individuals' privacy rights. In view of these facts, the parties agree to enter into the following Stipulated Protective Order ("Order").

## STIPULATION AND ORDER

**A.  Definitions**

"Confidential Documents" are defined as any documents designated by Defendants as "Confidential," "Proprietary," or "Confidential and/or Proprietary." These include, but are not limited to, documents containing confidential and proprietary information belonging to the Company such as employment policies and procedures, compensation data, and identifying contact information (e.g., names, last known home addresses and telephone numbers) of the putative class members or Defendants' other employees, consultants, or contractors ("Contact Information").

**B.  Limited Use of Documents and Information**

Plaintiff's counsel hereby agree not to use the Confidential Documents or any information contained thereon or obtained therefrom for any purpose other than the

1 purpose set forth in this Stipulation and Order. Said Confidential Documents and
2 any information contained therein or obtained therefrom shall be treated as
3 confidential by the parties and shall not be disclosed to any person except in
4 accordance with the terms of this Order or pursuant to a legally enforceable
5 subpoena.

6       Said Confidential Documents and any information contained therein or
7 obtained therefrom shall be used solely for the legitimate purpose of litigation
8 preparation, trial, and appeal related to Plaintiff's claims alleged in the operative
9 Third Amended Complaint and for no other purpose or litigation whatsoever. Said
10 Confidential Documents and any information contained therein or obtained
11 therefrom shall not be used by counsel for Plaintiff in connection with any other
12 lawsuit or prospective lawsuit, whether related to this litigation or not. Said
13 Confidential Documents and any information contained therein or obtained
14 therefrom also shall not be used by counsel for Plaintiff for the purpose of soliciting
15 any individual to initiate, pursue or join in any lawsuit against Defendants, including
16 this litigation, unless otherwise ordered by this Court.

17       **C.**     **Advanced Approval Of Any Notice Using Contact Information**

18       Plaintiff's counsel hereby agree that, if they or their agents send any letter or
19 notice of any sort to any individual listed in any Confidential Documents containing
20 Contact Information, they will obtain approval in writing from Defendants' counsel
21 of the contents of the letter prior to sending the letter. Plaintiff's counsel hereby
22 agree that, if they or their agents contact any individual listed in any Confidential
23 Documents containing Contact Information, they will notify the individual who has
24 been contacted that Defendants put measures in place to protect their current and
25 former employees' confidential information, including but not limited to entering
26 into this Stipulation and Protective Order.

27
28

DC7046146.2

2

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND/OR PROPRIETARY BUSINESS INFORMATION

### D. Qualified Persons

Pursuant to this Order, counsel for Plaintiff may only disclose, disseminate or make available the Confidential Documents and any information contained therein or obtained therefrom to the following persons who shall be designated as "Qualified Persons":

(a) All counsel for the parties in this litigation and employees of such attorneys to whom it is necessary that the Confidential Documents be shown for purposes of this litigation;

(b) Independent investigators, experts, or consultants retained by any party's counsel of record in the preparation of this case, to whom it is necessary that the information be shown for purposes of this litigation;

(c) The Court, its employees and agents, court reporters, and their agents in the trial in this action;

(d) Court reporters or videographers who record deposition or other testimony in this litigation;

(e) Current officers and directors of Defendants; and

(f) Any other person about whom the parties agree in writing.

Plaintiff's counsel hereby agree not to disclose the Confidential Documents or any information contained therein or obtained therefrom to Plaintiff or to any person or entity who is not Plaintiff's counsel or the persons described in subsections (a) – (f) in this Paragraph, except as permitted herein or by further Order of this Court.

Plaintiff's counsel agree that they are responsible for ensuring that any of their employees or agents who are given access to Confidential Documents and any information contained therein or obtained therefrom are informed of, and agree to be bound by, the terms of this Stipulation and Order. Where any Confidential Documents or any information contained therein or obtained therefrom are disclosed to (a) any of the employees of Plaintiff's counsel, including any attorney, paralegal, stenographic, clerical or secretarial personnel, or (b) those employed, retained

1  contracted, or consulted with by Plaintiff's counsel to assist such counsel in this
2  action, such as investigators, experts or consultants, or court reporters or
3  videographers, counsel for Plaintiff shall inform those persons to whom any
4  disclosure is being made of the existence and effect of this Stipulation and
5  Protective Order and secure their agreement as to its terms and conditions.

6  **E.  Protecting Confidential Information at Depositions**

7  If any Confidential Document is marked as an exhibit in a deposition, or
8  during a hearing herein, and/or its contents are disclosed, wholly or partially, in the
9  course of the testimony at such deposition, or hearing, counsel for the parties shall
10 advise the reporter taking and transcribing the testimony at such deposition or
11 hearing of the portions of such testimony that refer to such Confidential Document,
12 and the exhibit itself, as well as the portions of the transcript containing such
13 disclosure, shall be marked "CONFIDENTIAL" and shall be deemed subject to the
14 provisions of this Stipulation and Protective Order.  To this end, the reporter shall
15 not furnish copies thereof to anyone other than counsel of record for the parties
16 herein, and, if so requested by such counsel, the witness and/or the witness' counsel.

17 **F.  Use of Confidential Documents in Court Filings**

18 Any document that contains Confidential Information, including, without
19 limitation, any deposition transcript, deposition exhibit, pleading, motion,
20 memorandum, interrogatory or interrogatory response, request for document
21 production or response to a request for production, or subpoena, or that reproduces,
22 paraphrases, summarizes or encloses Confidential Information, if filed with this
23 Court, shall be filed in accordance with Local Rule 79-5.  Any documents so filed
24 under seal shall be enclosed in an envelope on which shall be endorsed the title of
25 this action, the nature of the contents of the envelope, the word "Confidential" and
26 the following (or similar) statement:
27 "This envelope contains information covered by the **CONSENT**
28 **PROTECTIVE ORDER** dated _____ and is not to be opened nor the contents

DC7046146.2
4
STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND/OR
PROPRIETARY BUSINESS INFORMATION

revealed except in accordance with the terms of the **CONSENT PROTECTIVE ORDER** or under the Court's instruction and supervision."

G. <u>Use of Confidential Documents At Trial</u>

Should Plaintiff seek to use any Confidential Document or Confidential Information at trial, the parties shall confer prior to the trial date in an effort to agree upon a procedure to ensure the confidentiality of such information and documents (*e.g.*, requesting a closed courtroom). In the event an agreement is not reached, the matter will be submitted to the Court to determine how best to assure that the confidentiality of such information and documents is maintained in an appropriate fashion.

H. <u>Return of Documents</u>

Within sixty (60) days after final disposition of this litigation (including any appeal), Plaintiff and counsel of record for Plaintiff shall return or destroy any and all Confidential Documents and any reproductions thereof, including any such Confidential Documents and reproductions thereof in the possession, custody or control of Qualified Persons under Paragraph D to Defendants' counsel. Within sixty (60) days after final disposition of this litigation (including any appeal), counsel of record for Plaintiff shall destroy any documents which contain summaries or any other assembly of information from the Confidential Documents within any work-product document, including all summaries or other assembly of Confidential Documents in the possession, custody or control of Qualified Persons under Paragraph D. No Confidential Documents or reproductions thereof will be retained by Plaintiff or counsel for Plaintiff, with the exception that counsel of record may retain his or her briefs filed with this Court in this action, subject to the ongoing confidentiality obligations imposed herein.

I. <u>Inadvertent Production</u>

The inadvertent or unintentional production of documents containing, or other disclosure of, "Confidential Documents" without being designated as

"Confidential," "Proprietary," or "Confidential and/or Proprietary" at the time of the production or disclosure, shall not be deemed a waiver in whole or in part of Defendants' claim of confidentiality. Documents unintentionally produced without the requisite designation may be retroactively so designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to Plaintiff or his counsel of record.

### J. Other Litigation

Nothing contained in this Order shall be construed as permitting disclosure of any Confidential Documents, or any information abstracted therefrom, to counsel or parties in any actual or potential litigation or legal proceeding other than the above-entitled and numbered cause, or to any person or entity involved in the investigation or preparation of any other potential litigation or legal proceeding.

### K. Continued Binding Effect

The termination of proceedings in this action shall not relieve any person to whom "Confidential Documents" have been disclosed from the obligations of this Order unless the Court orders otherwise. The terms and conditions of this Stipulation and Protective Order shall remain in full force and effect until further order of this Court or a Court of competent jurisdiction and shall not cease to be in effect because this litigation is finally adjudicated. The Court shall retain jurisdiction over this matter after entry of final judgment to enforce the terms of this Order.

### L. Injunctive Relief

In the event Plaintiff or anyone else violates or threatens to violate this Order, the parties agree that Defendants and/or their agents or attorneys may immediately apply to the Court to obtain injunctive relief against the person or entity.

### M. Further Protection

Nothing contained in this Stipulation and Protective Order shall be deemed to preclude either party from seeking and obtaining, on appropriate showing, a further

protective order relating to any discovery in this case or the use of Confidential Documents and/or Contact Information in this action.

### N. No Admission

Identification of any documents as "Confidential," "Proprietary," or "Confidential and/or Proprietary" pursuant to this Order shall not constitute an admission or acknowledgement that any material, information, or documents designated as Confidential is or are in fact proprietary, confidential or a trade secret, *inter alia*.

### O. Objection To Designation

If a party objects to the designation of any Confidential Information as "Confidential," the party shall state the objection with particularity by letter to counsel for the party making the designation within 90 days after the objecting party receives a copy of the Confidential Information stamped as confidential or receives notice of the producing party's claim of confidentiality, whichever occurs first. If the parties are unable to resolve the objection, the party objecting to the designation may, within 30 days of the objection, file a joint motion to obtain a ruling that the information that has been designated as Confidential Information does or does not qualify as Confidential Information. Until the Court rules on any such request, the Confidential Information shall continue to be deemed "Confidential" under the terms of this Protective Order. A party who fails to object to another party's claim of confidentiality within the 90-day period set forth immediately above shall be estopped from later objecting to such confidentiality designation. A party who fails to initiate a motion seeking the removal of the Confidential designation within the 30-day period is estopped from later objecting to the confidentiality of the Confidential Information.

DC7046146.2

7

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND/OR PROPRIETARY BUSINESS INFORMATION

| | | |
|---|---|---|
| 1 | Dated: February __, 2009 | CROWELL & MORING LLP |
| 2 | | |
| 3 | | _____ |
| | | Mark A. Romeo |
| 4 | | Kendra D. Miller |
| | | Christina K. Dallen |
| 5 | | Thomas P. Gies |
| | | Andrew W. Bagley |
| 6 | | Attorneys for Defendants |
| 7 | | AT&T Mobility, LLC (formerly known as Cingular Wireless, LLC) and Cingular Wireless Employee Services, LLC |
| 8 | Dated: February __, 2009 | INITIATIVE LEGAL GROUP LLP |
| 9 | | |
| 10 | | _____ |
| 11 | | Mark Yablonovich |
| | | Marc Primo |
| 12 | | H. Scott Leviant |
| | | Payam Shahian |
| 13 | | Attorneys for Plaintiff |
| 14 | | Peter Paul Aguiar |

DC7046146.4

DC7046146.2

8

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND/OR PROPRIETARY BUSINESS INFORMATION

**ORDER**

1
2
3  Good cause appearing, THE STIPULATION REGARDING
4  CONFIDENTIAL AND/OR PROPRIETARY BUSINESS INFORMATION,
5  INCLUDING PERSONAL CONTACT INFORMATION OF PUTATIVE CLASS
6  MEMBERS IS APPROVED, AND IT IS SO ORDERED.
7
8  Dated: March 4, 2009
9
10  _____
    Magistrate Judge Andrew J. Wistrich
11  U.S. District Court, Central District of California